UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

NORBERTO MALDONADO,

                                 Plaintiff,

-against-

MILGO BUFKIN CO.,

                                 Defendant.

----------------------------------------------------------X

REPORT AND RECOMMENDATION
08 CV 2847 (NG)(LB)

**BLOOM, United States Magistrate Judge:**

The instant *pro se* employment discrimination case was referred to me for pretrial supervision. Plaintiff failed to appear at two Fed. R. Civ. P. 16 conferences and has failed to contact the Court or defendant's counsel. The Court's December 2, 2008 Order specifically warned plaintiff that I would recommend that his case should be dismissed, if he failed to appear at the January 12, 2009 conference. Plaintiff did not appear. Accordingly, it is respectfully recommended that plaintiff's case should be dismissed.

## BACKGROUND

On July 10, 2008, plaintiff filed this *pro se* employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.*; and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, against his former employer Milgo Bufkin Co. See docket entry 1. Plaintiff's application to proceed *in forma pauperis* was granted, and the United States Marshals served defendant with the summons and complaint. Defendant answered the complaint on September 24, 2008. The Court held an initial pretrial conference on October 21,

2008. Plaintiff and defendant's counsel appeared and the parties were ordered to exchange initial disclosures. At the initial conference, with plaintiff present, the Court scheduled a status conference for November 25, 2008. Plaintiff failed to appear on November 25, 2008. On December 2, 2008, the Court ordered plaintiff to appear for a conference on January 12, 2009, and warned him that if he failed to appear, the Court would recommend that this case should be dismissed. On January 12, 2009, plaintiff again failed to appear for the conference and did not contact defendant's counsel or the Court.

## DISCUSSION

Rule 16(f) of the Federal Rules of Civil Procedure provides: "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to appear at a scheduling or other pretrial conference; . . . or fails to obey a scheduling or other pretrial order . . . ." Under Rule 37(b)(2)(A)(v), the Court may dismiss the complaint for a party's failure to comply with a Court Order. See Federal Rule of Civil Procedure 37(b)(2)(A) ("[T]he court where the action is pending may issue further just orders. They may include the following: . . . (v) dismissing the action or proceeding in whole or in part."). The sanction of dismissal "may be imposed even against a plaintiff who is proceeding *pro se*, so long as warning has been given that noncompliance can result in dismissal." Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d Cir. 1994).

The Court warned plaintiff that this action would be dismissed if he failed to appear for the scheduled January 12, 2009 conference. Plaintiff should not be afforded unlimited chances to obey the Court's Orders. Plaintiff has twice failed to attend Court conferences despite the Court's explicit warning that his case would be dismissed if he failed to appear.

## CONCLUSION

Accordingly, it is recommended that plaintiff's action should be dismissed pursuant to Fed. R. Civ. P. 16(f) and 37(b)(2)(A)(v).

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the ten day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital District Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Secretary of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

LOIS BLOOM
United States Magistrate Judge

Dated: January 15, 2009
Brooklyn, New York

3